### ELLSWORTH v. HILL. (No. 2364.)

Court of Civil Appeals of Texas. El Paso. Oct. 24, 1929.

Rehearing Denied Nov. 14, 1929.

E. W. Earl, of El Paso, for appellant.
S. J. Dodson and Knollenberg & Cameron, all of El Paso, for appellee.

PELPHREY, C. J. On February 23, 1927, appellee sold to appellant 341 acres of land in Culberson county, Tex., for $10 in cash and $3,400 in notes.

The deed reserved a vendor's lien on the land, and as further security, appellant executed a deed of trust, with S. J. Dodson as trustee, on certain lots in the city of El Paso, Tex.

After the first note had become due and remained unpaid, appellee brought suit in the district court of El Paso county, Tex., for the amount of the notes, interest, and costs.

Appellant answered by a general demurrer, a general denial, and by a plea for cancellation of the notes, and the deed of trust lien, for removal of the cloud from the title on the El Paso property, and in the alternative that the amount of the notes be offset or reduced to the extent of his damages arising from the breach of warranty, which he alleges to be the sum of the notes.

Appellee demurred generally to paragraph 3 of appellant's answer, and the demurrer was sustained by the court.

Appellant refused to amend, and the case proceeded to trial before the court on the petition of appellee and the general denial of appellant. Judgment was rendered for appellee for the value of the notes, interest, and attorney's fees and foreclosing both the vendor's lien and the deed of trust liens.

This appeal is from that judgment.

#### Opinion.

The only question presented by the two assignments in appellant's brief is as to the correctness of the court's action in sustaining the general demurrer to paragraph 3 of appellant's amended answer.

Said paragraph, after setting out the deed in which appellee reserved one-sixteenth of the oil and mineral rights in the land, contains the following allegations:

"That by the terms of said deed it was agreed and understood that the plaintiff did grant, sell and convey to this defendant said land, together with fifteen-sixteenths of the oil and mineral rights therein, and defendant in buying said land relied solely upon the agreement and representations set forth in said deed as being true and believed that same conveyed to him fifteen-sixteenths of the oil and mineral rights in said land, as well as the surface rights, but otherwise made no investigation of the title to said land; that the agreement set forth in said deed that same was conveying fifteen-six-

teenths of the oil rights in said land was a material part of the contract, for the reason that defendant was buying said land for oil purposes; and defendant alleges that so believing and relying upon said agreements and representations made by the plaintiff in said deed, he executed said notes aggregating $3,-400.00 herein sued on, and received said deed, all of which he would not have done but for said agreements and representations, and the fact that said deed by its terms conveyed and defendant believed he was getting fifteen-sixteenths of the oil and gas as well as other minerals in said land, which were a part of the consideration of said notes.

"But defendant alleges that in the year 1908 said land was unsold public free school land of the State of Texas and was classified by the Commissioner of the General Land Office as mineral and grazing land, and as such was sold by the State of Texas to one J. P. Christian, on or about December 26, 1908, and in making such sale, under the general laws of the State of Texas reserved and retained all of the oil and minerals in said land, and the purchaser received no interest therein; that on or about September 19, 1914, said J. P. Christian conveyed said land to C. H. Richards, by general warranty deed, and in like manner said C. H. Richards conveyed said land to plaintiff C. S. Hill on October 25, 1916. That by said deed from plaintiff to defendant of February 23, 1927, hereinbefore described, no part of the oil and mineral rights in said land were acquired by this defendant from plaintiff, but in fact that only the surface rights passed thereby on account of the prior reservations made by the State by general laws that said land, by reason of the general laws of the State, is open to locations by the public for all minerals in said land, except as to the oil and gas therein, and that as to the oil and gas in said land defendant has no rights of ownership therein, except that under the so-called Relinquishment Act of 1919 defendant, as owner of the surface, has the right to sell or lease the oil and gas in said land, as agent for the State of Texas, but not as owner, and as and when so sold or leased he will be required to pay to the State of Texas one-half of any bonus or cash payment received and one-half of all rentals or royalties received or provided for; that the State has and is claiming a first and prior claim and liens for the sums due it; that defendant is not allowed by the law to develop the oil and gas in the land himself, but can only sell or lease the same in the manner above stated. That defendant did not become aware of the status of the title to the oil and gas rights in said land until after the decision of the Supreme Court of Texas in the case of Greene v. Robison, Commissioner, reported in 117 Tex. 516, 8 S.W. (2d) page 655, up to which time he believed that said conveyance to him from plaintiff was good and carried fifteen-sixteenths of

the oil and mineral rights in said land, which decision construed the said Relinquishment Act [Rev. St. 1925, art. 5367 et seq.] and, as construed by said Court in said case, defendant has acquired no estate in the oil and gas in said land, and said Court interpreted said Act to fix a minimum price of ten cents per acre per annum as rental for a sale or lease of the oil and gas, and the value of one-sixteenth of the gross production free of cost to the State, for which the State is willing to sell the oil and gas, and the agent (the landowner) is authorized to secure the highest price obtainable for the benefit of the fund to which the land belongs, like amounts received by the State to be paid by the purchaser to the owner of the soil. If a bonus is paid, if a larger royalty or other amounts are contracted for, the State and the owner of the soil received equally in like amounts.

"Defendant alleges that by reason of the failure or want of title to said oil and gas rights in said land, as above set out, said land was on February 23, 1927, has ever since been, and is now, of less value than the said agreed purchase price, and that defendant has been damaged in the sum of the said notes, herein sued on.

"Defendant further alleges that by reason of the facts stated above said notes so given for said land were given in part consideration for public domain of the State, that the title conveyed or property conveyed has failed or is wanting in whole or in part, and that said notes are without consideration and void, or in the alternative are partly without consideration and void; that this defendant has rescinded said contract; that the plaintiff has failed to keep, but has broken, the covenants, agreements and warranties of said deed, to defendant's damage; that defendant has heretofore tendered and now tenders to plaintiff all of defendant's rights, title and interest in said land, being all that he acquired from plaintiff, a deed thereto, and possession thereof, said land being vacant and unimproved, never having produced any income to this defendant, but plaintiff has refused to rescind said contract and to cancel said notes, and to receive said deed.

"Wherefore, defendant prays that plaintiff take nothing by this suit; that said notes be cancelled and plaintiff be re-invested with the title to said land, and the deed of trust lien securing same, on property in El Paso County, Texas, described in plaintiff's petition, be cancelled and the cloud on the title to said property cast by said deed of trust be removed; and in the alternative that the amount of said notes be offset or reduced to the extent of defendant's said damages; for costs of suit, and all other and further relief, in law or in equity, that he may be justly entitled to, as he will ever pray."

There is an agreed statement of facts in the record containing the facts shown in the deed of trust from appellant to S. J. Dodson,

trustee; the 13 vendor's lien notes; a certified copy of the deed from appellee to appellant; and the testimony of appellee that no payments had been made on the notes; that all have been declared due and have been placed in the hands of an attorney for collection.

We think the allegations in paragraph 3 are sufficient to show that fifteen-sixteenths of the oil and mineral rights were attempted to be conveyed by the deed from Hill to Ellsworth, and that said oil and mineral rights belonged, not to Hill, but to the state of Texas.

These facts show a partial failure of consideration, and we are of the opinion that they present a defense which the appellant was entitled to present.

In the case of Williams v. Finley, 99 Tex. 469, 90 S. W. 1087, the Supreme Court, in passing upon a case very similar in principle, held that the vendor was entitled to an allowance for such part of the agreed consideration for the conveyance from him to his vendee as was represented by the property he actually conveyed.

In the case at bar appellee is entitled to an allowance for such part of the agreed consideration as is represented by the value of the surface conveyed and no more, that being all that he conveyed by the deed to appellant.

The trial court erred in sustaining the general demurrer to the petition, and the judgment is reversed, and the cause remanded.